Good morning, Your Honors. May it please the Court, my name is Colleen Ramay and I am here on behalf of Appellant Randall Jennings. At the heart of this case is the proper application of the Force Clause of the Armed Career Criminal Act. The District Court in this case ruled that Mr. Jennings was an armed career criminal on the basis of five prior convictions from Minnesota, one for simple robbery, two for domestic assault, and two for making terroristic threats. So as I understand, particularly looking at the government's brief and in light of Mathis, the third group, if you will, the two terroristic threats are really off the table. We're not talking about that anymore. We agree that these are methods, not elements Correct. The parties agree to that at the very least. So we focus the case at least to that extent. Yes, and that's what I was hoping to do today, unless the Court obviously has any questions on that front. But it's our contention that the Court erred in concluding that the simple robbery and the domestic assault convictions are categorically violent felonies for purposes of the Act. Now we would have to overrule two decisions to go with you, wouldn't we? Correct, Your Honor. It's an uphill battle. With respect to robbery, we do have the precedent from last year, which is U.S. v. Maxwell, where this Court found that simple robbery is a crime of violence under the sentencing guidelines, but relying on the force clause in the guidelines. Well, using or threatening the use of force with intent to inflict bodily harm or in such a way as to place a victim in fear, you know, in such fear of harm or even death. Why isn't that violent force? Respectfully, Your Honor, and I certainly understand where the Court... I say more than mere touching would be required. I, you know, I certainly understand where the Court is coming from. When you look at State v. Stannifer... Well, I'm coming from John... Oh, sorry. No, in terms of the Minnesota statute, I think there's some ambiguity as to what it actually requires. There is State v. Stannifer, which Maxwell relied on and which held that fifth-degree assault, which requires this bodily harm, which fifth-degree assault requires proof that the defendant intentionally inflicted physical pain or injury on another or attempted or threatened to do so. So the holding in Stannifer that this is a lesser-included offense certainly suggests that there is some violent force at issue when combined with the force requirement in the underlying statute. But the other thing is you seem to be assuming, and we would discuss this, you know, what I think of as Johnson 2010, the earlier of the two Johnson cases, requires very significant physical injury. And I have read it as maybe at a lower level. I mean, certainly the poke, the offensive touching, the things that under the common law would have been regarded as batteries are not enough. You know, so if I don't... Judge Kenney doesn't want me to poke him in the arm, you know, I haven't done a Johnson 2010 problem, but maybe it's a common law violation. But some of the things in your examples, you know, like ripping the necklace off so the neck is bleeding or biting or, you know, things like that strike me as easily within Johnson 2010. Your Honor, my argument really here is two-pronged in that there have been examples that require even less force than that amount of injury that would be caused by a scratch on the neck or a bite. I mean, bites can be terrible, actually. I mean, you seem to minimize bites in your reply brief, and I was bites, hair pulling, pushing, grabbing, pinching, and slapping. I thought these are not minor injuries. I don't see why they are. Well, so how I've seen, certainly, well, and I agree that it applies ultimately in both contexts. What we have here is there's convictions for robbery, which you, where there's a use of force that doesn't result in any injury, such as jostling someone in an elevator to distract them so that they don't notice that they're being pickpocketed. There's evidence that people have been convicted when they just, you know, if someone, where otherwise you'd have a snatching of a, you know, a purse snatching would have been from a person, it's elevated to robbery. The second the person holds on a little bit tighter and there's a little bit of a tug of war, there's, you know, so the first part of my argument is that Stanifer's is misleading in terms of this element of force necessary to cause bodily harm, because there are other instances in the case law in Minnesota that it hasn't risen to that level. But secondly, even if we look at the requirement of bodily harm, and here's where the law is somewhat unclear, and I think that there is an ambiguity regarding sort of the level of force. So certainly Johnson said it needs to be violent physical force capable of causing an injury, and then later we had Castleman that distinguished the level of force needed to constitute a domestic violence offense, and it suggested that there are certain types of less serious injuries, such as biting or hair pulling or pushing. Yeah, but well, you know, you get the biting, biting, you can bite somebody's eye out, you can bite an ear off, that's not minor. Certainly, but you can also gently bite someone and just get them to release something. There are certainly levels of biting, and I think in Castleman, Castleman was referring to sort of lesser injuries. But I don't see why we need to read it that way. Again, this gets us to where is Johnson 2010 drawing the line? Biting, as Judge Kaney says, can lead to all sorts of injuries, whether immediate injuries, whether because somebody's got a dirty mouth and it gets infected, or you know, there are all sorts of things. And I don't think that the Supreme Court in Johnson 2010 was trying to rule out these, you know, nobody's like slashing your arm off, but it's still a significant injury. Certainly, and I think that the issue here is that whether or not the statute requires a level of force that would produce a significant injury, and neither of these statutes do. The domestic violence statute can be, well, you know, certainly there's biting, but there's also, you know, a slap or pushing. What about a black eye? A black eye may rise to the level, and now we're looking at specific facts, but it may rise to the level of violence. Almost any touching under those circumstances is unlikely to be just a gentle grasp of the arm, right? Castleman definitely noted that there are different, there's going to be a different violence under like a classic domestic violence statute is going to require a lower level of force. This is using or threatening the imminent use of force on the first one, and the domestic assault, an act with intent to cause fear in another of immediate bodily harm, so you don't actually have to follow through on it. It would be threatening. Certainly. Well, if you want to save a minute for your rebuttal, that would be fine. Thank you. Mr. Anderson. Good morning or afternoon, Your Honors. You might have slipped into afternoon. Just barely, yeah. My name is Robert Anderson. I have the privilege of representing the United States in this matter. I prosecuted Mr. Jennings down below. It's somewhat deja vu for me, I also argued Yates, which seems to be being rehashed here, although they didn't directly cite Yates in their brief, but these arguments are similar. And as you noted, but I'll make this observation, to reach their result, they ask you to overturn not one decision of this court recently, not two decisions, but actually I think in their argument about, in their reply brief and their arguments here about the degrees of injury, to overrule three recent decisions of this court, which would include Yates, Yates, Yang, and Maxwell. The district court correctly applied the existing precedent in the circuit in reaching its conclusions and imposing the sentence. The Minnesota simple robbery is categorically a violent felony because it has, as an element, the use, attempted use, or threatened use of physical force against another, which is the violent force in the Armed Criminal Act. To what extent, when we are making that decision, say about the Minnesota statute, should we just look at the language of the statute, and to what extent do we need to push into the Minnesota appellate decisions to see what the Minnesota courts think those words mean? Because when you get into the decisions, I think Ms. Romay has pointed out, some of them seem to require a very low level of force. Oh, which is where they're arguing about the degree of injury, basically. Right, right, right. Because it fit Johnson 2010, so that's the way I would put it. But let's start with that premise and distinguish, let's distinguish Johnson from what we're talking about here. In Justice Scalia's concurring opinion in Castleman, which is referring back to Johnson as well, he said, hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling, none of those actions bear any real resemblance to mere offensive touching, which is what you had in Johnson. All of them are capable of causing physical pain or injury, which is exactly what we argued about in the Yates decision. The degree of capability of causing physical pain or injury, which happened in that case. The Minnesota simple robbery statute is a violent crime because to be it inherently has the lesser included of the fifth degree assault under Minnesota law, which is, under that statute's language, you're either inflicting or causing fear in another of immediate bodily harm or death. Death is obviously a violent level of force, but I guess the defendant is arguing, what about the bodily harm? I guess that's the point of their argument. That's again where Yates is instructive to this court. In Yates, this court held a statute that references the bodily harm defined by physical pain and injury, which is defined in Wisconsin with the exact same language as it is in Minnesota. It's the exact same language. That satisfies the force clause of the Armed Career Criminal Act because it tracks the very language that the Supreme Court used to define force necessary to meet the force clause in the Curtis Johnson case, the first Johnson case back in 2010, capable of causing physical pain or injury to another. So your view is it doesn't really have to be too much physical pain or injury? Correct. A little bit. It could be, as Justice Scalia said, a slap and it's an amount of injury or pain or injury. And in the Yates case, that was, they argued about a Wisconsin case of throwing urine and someone, a prisoner throwing urine on a guard and that caused a burning and irritation to the guard's eyes. That was pain and injury. So as you can see, the Yates decision has an impact in both the simple robbery statute that they're arguing about, it also does in the domestic, Minnesota domestic assault statute as well. I think that's why in their reply brief they seem to disagree with the Yates opinion itself, although he never, they never mentioned or addressed Yates directly. But there's no compelling reason to overturn either Maxwell or Yates. And similarly with the domestic assault statute, it's a violent felony because it has the element, the use, attempted use or threatened use of physical force. And to go back to something that Judge Rovner mentioned, and this is just a parenthetical, but what the appellants in many of these cases, it seems to me, whether it's Yates or here, what the appellants are, seem to be always ignoring, or I'm going to coin the term categorically ignoring, in their arguments about the statutes and the ACCA are the attempted use or the threatened use. And in a robbery, obviously in a robbery, well let's look at Jennings, this incident that Jennings was convicted of himself, although it was a felon in possession of a firearm, he possessed that firearm in the context of putting that firearm towards someone's head and threatening them to get money from them. Now he didn't injure that individual, but there was certainly the threat or fear that that person would be bodily harmed. So with the domestic assault statute, almost all you have to do is read the language of the statute itself. A person is guilty of domestic assault if he or she commits an act with intent to cause fear in another of immediate bodily harm or death, or intentionally inflicts or attempts to inflict bodily harm. So we're back again to the bodily harm, death, or causing the same conclusion in the Schaefer case regarding the Minnesota domestic assault statute. Jennings doesn't offer a compelling reason to overturn Yang either. All they offer there is a hypothetical debate, which isn't legally sufficient to overturn precedent in the circuit. Is it the withholding of food? Oh yeah, withholding food from a child. Right, right. And that's along the lines of even the poisoning cases. Those are violent, but withholding food from a child wouldn't be, that'd probably be a child neglect charge rather than some type of battery. Are you aware of any simple robbery cases that are before the 8th courts in Minnesota? Simple robbery. There's the... For purposes of the Armed Career Criminal Act, obviously, so since the district courts are maybe not consistent. I'm trying to recall if there were, I would have cited them in the brief. I'm drawing a blank right now. I don't, I'm trying to remember if the... So you can say you don't remember anything. Is Minnesota one district? Yes. Anyway, my point here and in the Yates case as well was this argument about degrees of injury or suffering or bodily harm. If there isn't a bodily harm or there isn't an injury suffered by the victim, it's going to be something that either it's not going to be charged as a battery or the offense or the judge or jury looking at the jury instructions aren't going to find the conviction based on that because the elements just aren't going to be there, but they are here. And I ask you to affirm the Judge Peterson's decision based on the existing precedent in the circuit, and there's no compelling reason to overturn any of these three cases. All right, thank you. I think you had about a minute left, Ms. Romay. I would just like to start, Judge Rogner, in response to your question to counsel, the case of the United States versus Pettis is pending before. That was a case out of Minnesota District Court, and that's pending before the Eighth Circuit. It was filed on October 20th. As far as I know, it is still pending. And I have the Westlaw citation for that. It's 2016 Westlaw 5107035. The District Court in that case actually agreed with my contention here that the amount of force is so minimal for simple robbery to elevate a theft to a simple robbery that it really cannot qualify under Johnson because not only does it, I mean, it doesn't involve any amount of force that would imply injury in that it can be committed by simply jostling someone or other things. I do see that I am out of time, so unless there are other questions, I'll stand in my brief. Thank you. Thank you very much. Thanks to both of you. We will take the case under advisement, and the Court will be in recess.